UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.:

| | |
|---|---|
| NYRSA DEMOYA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARSHALLS OF MA, INC. d/b/a TJX Marshalls, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, NYRSA DEMOYA ("Demoya" or "Plaintiff"), sues the Defendant, MARSHALLS OF MA, INC. d/b/a TJX Marshalls ("Defendant"), and alleges as follows:

**NATURE OF ACTION**

1. This action arises out of Demoya's employment relationship with Defendant, including her wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA")[1].

**PARTIES**

2. At all times material, Demoya was a resident of Broward County, Florida.

3. At all times material to this Complaint, Demoya was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

---

[1] Plaintiff will file a Charge of Disability Discrimination and Retaliation with the EEOC. As soon as the EEOC issues its Right to Sue, the Plaintiff will move to amend this complaint to include claims of discrimination and retaliation under the ADA and the FCRA.

1

4. Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

5. At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

6. At all times material, Defendant was doing business in Broward County, Florida and its business activity affected interstate commerce.

## JURISDICTION AND VENUE

7. Demoya brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq*.

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

9. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Demoya occurred within this judicial district and because Defendant has systematic and continuous contacts within the district and because the employment records of Demoya are stored or have been administered, in Broward County, Florida.

## PROCEDURAL REQUIREMENTS

10. Demoya has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

11. Demoya worked for the Defendant as a store associate for almost two consecutive years, since approximately October 23, 2019.

12. At all times relevant, "Pat" (ULN) was Plaintiff's manager.

13. From her date of hire until her unlawful termination, Demoya received satisfactory feedback from Defendant about her work performance.

14. On or about July 16, 2021, Demoya started developing COVID-19 symptoms and prudently called in sick. Her manager, "Pat" was not at the store, so Demoya left a message with Defendant's store clerk that she was sick.

15. Shortly thereafter, Demoya developed severe and life-threatening COVID-19 symptoms which led her to being admitted into the Intensive Care Unit at the hospital. Demoya needed supplemental oxygen and continuous care and medical treatment.

16. On or about July 19, 2021, Demoya contacted Defendant and informed "Pat" (ULN) of her serious and life-threatening medical condition.

17. In response, "Pat" (ULN) asked Plaintiff "when are you going coming back to work?" Demoya responded that as soon as she was released from the hospital, she would go back to work.

18. Demoya received continuous treatment in the hospital until July 26, 2021, when thankfully, she was released from the hospital.

19. At all times relevant, Defendant knew that Plaintiff was in the hospital with COVID-19 and fighting for her life.

20. On or about July 26, 2021, Demoya contacted "Pat" (ULN) to inform her that Plaintiff had been released from the hospital.

21. In response, "Pat" (ULN) told Demoya that her employment was terminated on July 21, 2021. Upon information and belief, "Pat" (ULN) recommended Demoya's termination or was a person who was involved in the decision to terminate Plaintiff.

22. Up until the time of Demoya's termination, not one person at the Defendant told Plaintiff about her potential rights for leave under the FMLA.

### COUNT I: INTERFERENCE WITH FMLA RIGHTS
### (FAILURE TO PROVIDE FMLA INFORMATION)[2]

23. Demoya repeats and re-alleges paragraphs 1-22 as if fully stated herein.

24. On July 16, 2021, Demoya was eligible for FMLA leave.

25. At all times material, Demoya gave proper notice to her employer by informing it of her serious medical condition, which required her to be admitted into the intensive care unit.

26. Plaintiff was admitted in the hospital until her release on or about July 26, 2021.

27. Demoya provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

28. Despite its knowledge of Demoya's serious medical condition and life-threatening situation, Defendant knowingly failed to notify Demoya of her eligibility status and rights under the FMLA and failed to notify Demoya whether her leave was or could be designated as FMLA leave.

29. When Defendant failed to notify Demoya of her eligibility status and rights under the FMLA and failed to notify Demoya whether her leave was or could be designated as FMLA leave, Defendant interfered with Demoya's rights under the FMLA.

30. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

  a. Enter judgment in Demoya's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

---

[2] Once the identity of "Pat" (ULN) is ascertained, Plaintiff will likely move to amend this complaint to include "Pat" (ULN) as a defendant.

 b. Award Demoya actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

 c. Award Demoya liquidated damages;

 d. Award Demoya prejudgment interest on his damages award;

 e. Award Demoya reasonable costs and attorney's fees;

 f. Award Demoya any further relief pursuant to the FMLA; and

 g. Grant Demoya such other and further relief as this Court deems equitable and just.

## COUNT II: INTERFERENCE WITH FMLA (TERMINATION)

31. Demoya repeats and re-alleges paragraphs 1-22 as if fully stated herein.

32. On July 16, 2021, Demoya was eligible for FMLA leave.

33. At all times material, Demoya gave proper notice to Defendant by informing it of her serious and life-threatening medical condition.

34. Demoya provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

35. Despite its knowledge of Demoya's medical condition, Defendant terminated Demoya instead of affording her the opportunity to take FMLA leave.

36. When Defendant terminated Demoya's employment, it interfered with Demoya's rights under the FMLA.

37. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

 a. Enter judgment in Demoya's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

 b. Award Demoya actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

 c. Award Demoya liquidated damages;

 d. Award Demoya prejudgment interest on his damages award;

  e. Award Demoya reasonable costs and attorney's fees;

  f. Award Demoya any further relief pursuant to the FMLA; and

  g. Grant Demoya such other and further relief as this Court deems equitable and just.

## **COUNT III: VIOLATION OF THE FMLA (RETALIATION)**

38. Demoya repeats and re-alleges paragraphs 1-22 as if fully stated herein.

39. Defendant terminated Demoya following her notification about her being hospitalized with COVID-19 and of her need for time off while she was hospitalized, which constitute a request for taking FMLA leave.

40. Defendant terminated Demoya because she requested FMLA leave as described above. Specifically, Demoya requested FMLA leave when she explained that she was admitted into the intensive care unit with COVID-19 and needed time off until such time as she was released from the hospital.

41. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Demoya for having requested to take leave to treat a serious medical condition.

42. Demoya's request for medical leave pursuant to the FMLA was a direct and proximate cause of her termination.

43. As a direct and proximate result of the intentional violations of Defendant, Demoya has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

  a. Enter judgment in Demoya's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

  b. Award Demoya actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

  c. Award Demoya liquidated damages;

 d. Award Demoya prejudgment interest on his damages award;

 e. Award Demoya reasonable costs and attorney's fees;

 f. Award Demoya any further relief pursuant to the FMLA; and

 g. Grant Demoya such other and further relief as this Court deems equitable and just.

## COUNT IV: NEGLIGENT SUPERVISION, TRAINING AND RETENTION

44. Demoya repeats and re-alleges paragraphs 1- 22 as if fully stated herein.

45. Defendant recruited, hired, instructed, trained, employed, supervised and retained Plaintiff's supervisor, "Pat" (ULN).

46. Defendant owed Plaintiff a duty of care.

47. Defendant knew and should have known of "Pat" (ULN)'s actions in terminating Plaintiff. Defendant failed to properly train "Pat" (ULN) on how to handle and address potential claims and actual claims under the FMLA.

48. Defendant breached its duty to Demoya in allowing "Pat" (ULN) to engage in discriminatory practices against Plaintiff.

49. Defendant failed to implement, demonstrate, discuss and confer any policies, procedures, training and supervision to "Pat" (ULN) regarding the FMLA and its reporting requirements.

50. Defendant further failed to discipline "Pat" (ULN) for her actions against Plaintiff.

51. Defendant's negligence amounted to and reflected Defendant's reckless and callous disregard to the safety and rights of Demoya.

52. As a direct and proximate result of the acts and omissions of Defendant, which caused, encouraged, or precipitated the acts of "Pat" (ULN), Defendant was negligent and is therefore liable to Demoya for the injuries she sustained at the hands of "Pat" (ULN).

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Award Demoya compensatory damages for emotional distress, embarrassment and humiliation;

b. Award a monetary judgment representing prejudgment interest;

c. Award any other compensation allowed by law, including punitive damages;

d. Grant Demoya costs of this action, including reasonable attorney's fees;

e. Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: December 7, 2021.

**By: s/ Tanesha W. Blye**
Tanesha W. Blye, Esq.
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com

Aron Smukler, Esq.
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com


SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*